STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-01-608

NM —PEN—2/22/2002

STATE OF MAINE,

Plaintiff

v.

MITCHELL JOHNSON,

Defendant

FILED AND ENTERED
SUPERIOR COURT

FEB 22 2002

PENOBSCOT COUNTY

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

DONALD L. GARBRECHT
LAW LIBRARY

F⎯ ⎯ ⎯ 2002

The defendant seeks to suppress his statements made to detective Mark Hathaway. The defendant argues that his request for an attorney was not honored, that any waiver of his right to an attorney was not voluntary, and that his statements were not voluntary. For the following reasons, the defendant's motion is denied.

Detective Mark Hathaway knew the defendant from a prior matter and knew that the defendant would arrive home from work at approximately 3:30 or 4:00 p.m. Detectives Hathaway and McCrey waited for the defendant at his residence. Detective Hathaway told the defendant that the detective wanted to discuss allegations of the defendant's having sexual contact with the defendant's niece. The defendant wanted to go into his apartment but the detective determined that it would be better if the defendant called his wife from the police station. The defendant was arrested and taken to the police station.

During the trip to the jail, there was no inappropriate conversation or activity by the defendant. The defendant's reactions to the detective's questions and

statements were appropriate. The defendant knew who the detective was and knew why he was being taken to the police station.

The defendant and Detective Hathaway went to an interview room at the police station and talked for five minutes. The defendant said he wanted to talk to the detective but said he might want to talk to an attorney first. The detective replied that that was fine, gave the defendant an orange soda, and left him in the interview room by himself.

After completing the paperwork, the detective went back to the interview room. The defendant said that he wanted to talk to the detective. The detective wanted to be certain that the defendant knew he could have an attorney present or speak to an attorney and the detective discussed those options with the defendant. The detective emphasized that the defendant could call an attorney and that he did not have to speak to the detective. The detective concluded that the defendant understood his rights. The detective next read verbatim the Miranda warnings to the defendant from the detective's Miranda card. The detective received a response from the defendant after each statement; the defendant stated that he understood all of his rights each time he was asked. See State's Ex. 1 & 2. Although at times the defendant's voice was very low and difficult to understand, the detective was able to understand clearly the defendant with regard to his responses to the Miranda warnings. Most of the defendant's responses that were very difficult to hear involved his discussion of having physical contact with his niece. During that conversation, the defendant's voice was much lower than during the discussion of his Miranda rights.

During the conversation, the defendant did not say that he did not want to talk and he did not ask the detective to stop asking questions. The defendant was not in any distress, was not excessively cold, and was not shivering during the interview. The defendant had the opportunity to make phone calls while he was at the police station. The detective did not make any promises to the defendant in return for the defendant's statements.

The defendant alleges that because of conditions at his employment, he was very chilled by the time he reached the police station. He testified that his requests to use the bathroom, to make phone calls, and to have a drink because he was dehydrated were denied. The detective told the defendant he could have a soda only if he spoke to the detective. According to the defendant, because he was thirsty and wanted to use the bathroom, he spoke to the detective; he understood his rights and agreed to talk because he was motivated by the detective's offer. The defendant alleges also that the detective offered to speak to the district attorney on the defendant's behalf if the defendant spoke to the detective.

There is no question that the defendant was in custody. When the defendant initially stated that he "might want to talk to an attorney," the detective honored that request and left the room to fill out paperwork. When the detective reentered the interview room, the defendant stated that he wanted to talk to the detective. The two then discussed, prior to turning on the tape recorder, the defendant's right to have an attorney present or speak to an attorney. After the tape recorder was turned on, the detective read the Miranda warnings to the defendant; the defendant understood his rights and he voluntarily waived them, including the right to

counsel.

The defendant's testimony regarding his interaction with Detective Hathaway was not credible. During the tape recording of the conversation, the defendant did not ask to go to the bathroom, to have a drink, to have a jacket, or to stop the questioning. The only request made by the defendant was to smoke a cigarette. Because smoking is not allowed in public buildings, the detective told the defendant that as soon as they were done, the detective would take the defendant outside to smoke. See State's Ex. 2 at 6.

Based on this record and the determination of the credibility of the witnesses, the defendant's waiver of his right to counsel and his statements were voluntary. See State v. Sawyer, 2001 ME 88, ¶¶ 8-9, 772 A.2d 1173, 1175-76; State v. Holloway, 2000 ME 172, ¶ 23, 760 A.2d 223, 231; State v. Marden, 673 A.2d 1304, 1310-11 (Me. 1996); State v. Curtis, 552 A.2d 530, 531-32 (Me. 1988).

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: February 20, 2002

Nancy Mills,
Chief Justice, Superior Court

STATE VS. MITCHELL JOHNSON

DOCKET NO. CR-01-608

ATTORNEY FOR THE DEFENDANT

JEFFREY SILVERSTEIN, ESQ.
P O BOX 1445
BANGOR   ME   04402-1445


ATTORNEY FOR THE STATE

ALICE CLIFFORD
ASSISTANT DISTRICT ATTORNEY
97 HAMMOND STREET
BANGOR   ME   04401

STATE VS. MITCHELL JOHNSON

DOCKET NO. CR-01-608

ATTORNEY FOR THE DEFENDANT

JEFFREY SILVERSTEIN, ESQ.
P O BOX 1445
BANGOR   ME   04402-1445